UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMAR PAYNE,

        Petitioner,              Case Number: 2:19-CV-12299
                                                HONORABLE DENISE PAGE HOOD

v.

NOAH NAGY,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS (ECF NO. 7), DENYING
CERTIFICATE OF APPEALABILITY, AND GRANTING
PETITIONER PERMISSION TO APPEAL *IN FORMA PAUPERIS***

Michigan prisoner Demar Payne has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a); two counts of felony murder, Mich. Comp. Laws § 750.316(1)(b); assault with intent to murder, Mich. Comp. Laws § 750.83; three counts of torture, Mich. Comp. Laws § 750.85(1); three counts of unlawful imprisonment, Mich. Comp. Laws § 750.349b(1); two counts of mutilation of a dead body, Mich. Comp. Laws § 750.160 and felony-firearm, Mich. Comp. Laws § 750.227b.

Now before the Court is Respondent's motion to dismiss the petition

because it was filed eight days after the one-year limitations period expired. Payne filed a response to the motion. For the reasons explained, the Court grants Respondent's motion, denies a certificate of appealability, and grants permission to proceed *in forma pauperis* on appeal.

## I. Background

Following a jury trial in Wayne County Circuit Court, Payne was convicted and sentenced as follows: 25 to 50 years for second-degree murder, life in prison for three first-degree murder convictions, 25 to 50 years for assault with intent to murder, 20 to 40 years for each conviction of torture, 7 to 15 years for each unlawful imprisonment conviction, 5 to 10 years for each conviction of mutilation of a dead body, and two years for felony-firearm.

He filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals held that two of Payne's sentences violated the Double Jeopardy Clause and remanded to the trial court for correction of the judgment of sentence. *People v. Payne*, 2015 WL 7574325, *24, *32 (Mich. Ct. App. Nov. 24, 2015). In all other respects, the state appellate court affirmed Payne's convictions. The Michigan Supreme Court denied leave to appeal on June 28, 2016. *People v. Payne*, 499 Mich. 969 (Mich. 2016).

Payne then filed a motion for relief from judgment, dated August 28, 2017,

with the trial court. The motion was docketed on September 6, 2017. The trial court denied the motion. *See* 4/26/2018 Order, *People v. Payne*, No. 13-006269 (ECF No. 8-26). The Michigan Court of Appeals denied Payne's application for leave to appeal, *People v. Payne*, No. 344910 (Mich. Ct. App. Nov. 27, 2018), as did the Michigan Supreme Court. *People v. Payne,* 504 Mich. 901 (Mich. July 2, 2019).

Payne filed this habeas petition on August 1, 2019. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes a one-year limitations period for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). A prisoner must file a federal habeas corpus petition within one year from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Payne is not relying on a newly-recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Michigan Supreme Court denied Payne's application for leave to appeal on June 28, 2016. *People v. Payne,* 499 Mich. 969 (Mich. June 28, 2016). Payne did not petition for a writ of certiorari with the United States Supreme Court and his time for doing so expired on September 26, 2016. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). *Id.* at 285. So the limitations period commenced on September 27, 2016.

The limitations period continued to run until Payne filed a motion for relief from judgment in the trial court, on August 28, 2017.[1] The motion for relief from judgment tolled the limitations period with twenty-nine days remaining. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation....").

The limitations period continued to be tolled until the Michigan Supreme Court denied his application for leave to appeal on July 2, 2019. *People v. Payne*,

---

[1]The parties disagree about when the motion was filed in the trial court. Respondent argues that motion was filed on September 6, 2017, when it was entered on the court docket. Payne argues that the motion was filed and thus began tolling the limitations period when he signed and dated his motion, August 28, 2017 (Payne originally stated that he signed and dated his petition August 17, 2017, but clarified in his response to the motion to dismiss that the correct date was August 28, 2017).

The federal prison mailbox rule provides that submissions by *pro se* prisoners are considered filed on the date they are given to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988). Courts in this district disagree about whether this rule applies to a motion for relief from judgment filed in a Michigan state court. Compare *Shaykin v. Romanowski*, Case No. 14-cv-193381, 2016 WL 193381, *5 (E.D. Mich. Jan. 14, 2016) (applying prison mailbox rule to filing of motion for relief from judgment in state court) with *Smith v. Palmer*, Case No. 12-cv-11036, 2015 WL 5707105, at *5 (E.D. Mich. Sept. 29, 2015) (concluding that prison mailbox rule did not apply to motion for relief from judgment filed in state court). The Court need not resolve this issue because even if the Court applies the prison mailbox rule and gives Payne the benefit of an August 28, 2017, filing date, the petition filed in this Court would still be untimely.

504 Mich. 901 (Mich. July 2, 2019). The limitations period resumed running the following day, July 3, 2019. It continued to run until it expired on July 31, 2019. Payne filed his habeas petition on August 1, 2019, one day late.

That the petition was filed only one day late, rather than one week or one month late, does not change the Court's analysis. The Supreme Court has made clear that, for filing deadlines, close is not good enough:

> If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. Any less rigid standard would risk encouraging a lax attitude toward filing dates.... A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day.

*United States v. Locke*, 471 U.S. 84, 101 (1985) (citation omitted). *See also Hartz v. United States*, 419 Fed. App'x 782, 783 (9th Cir. 2011) (affirming the dismissal of a federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day.")

The petition was filed one day late and, absent equitable tolling, is time barred. Payne asserts no basis for equitable tolling and the Court finds none in the record.

6

### III.  Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Payne may appeal the Court's decision, a certificate of appealability ("COA") must issue.  *See*  28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's holding that the petition is untimely.  The Court denies a certificate of appealability.

### IV.  Conclusion

For the reasons stated, Respondent's motion to dismiss is GRANTED and the petition is DISMISSED.

The Court DENIES a certificate of appealability.  If Payne chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an

appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

  SO ORDERED.

              s/Denise Page Hood
              Chief Judge, United States District

Dated: November 30, 2020